T.C. Memo. 2003-306


UNITED STATES TAX COURT



NORA ARANDA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket No. 5168-02.                    Filed November 5, 2003.


<u>Ruben Trey Arvizu III</u>, for petitioner.

<u>Michael L. Boman</u>, for respondent.



MEMORANDUM OPINION


MARVEL, <u>Judge</u>:  This case arises from a request for relief under section 6015[1] with respect to petitioner's 1985 and 1986 taxable years.  Respondent determined that petitioner is entitled to partial relief from joint and several liability under section

---

[1]All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

6015, and petitioner timely filed a petition seeking review of respondent's determination. The issue presented is whether petitioner is eligible for additional relief from joint and several liability under section 6015(b).[2]

## Background

The parties submitted this case fully stipulated pursuant to Rule 122. The stipulation of facts is incorporated herein by this reference. Petitioner resided in Hobbs, New Mexico, when the petition in this case was filed.

Petitioner was married to Domingo P. Aranda (Mr. Aranda) during the taxable years at issue. Petitioner and Mr. Aranda filed joint Federal income tax returns for 1984, 1985, and 1986. In 1988, Mr. Aranda was arrested for drug violations and sentenced to serve 24 years in prison. Petitioner was not charged with any criminal offense. On May 12, 1988, respondent made jeopardy assessments against petitioner and Mr. Aranda for 1984, 1985, and 1986 in the following amounts:

---

[2]In the stipulation of facts, petitioner asserted relevancy objections with respect to Exhibits 4-R and 5-R. Because petitioner's arguments for relief under sec. 6015(b) rely solely on the notice of determination, we sustain petitioner's objections to the exhibits.

| Year | Additional income tax | Additions to tax Sec. 6653(b) | Sec. 6661 | Interest |
|------|------|------|------|------|
| 1984 | $5,534.91 | $2,464.87 | $1,384.70 | $1,997 |
| 1985 | 16,754.98 | 8,006.41 | 3,050.43 | 3,647 |
| 1986 | 28,848.86 | 22,157.87 | 6,528.77 | 3,190 |

On July 8, 1988, respondent issued a notice of deficiency for 1984 and 1985 and a separate notice of deficiency for 1986. Petitioner and Mr. Aranda did not file a petition in this Court with respect to either notice. Because the deficiencies determined in the notices of deficiency were less than what respondent had assessed earlier as jeopardy assessments, respondent abated portions of the jeopardy assessments on March 6, 1989. After taking the abatements into account, the income tax deficiencies and additions to tax assessed with respect to petitioner and Mr. Aranda for 1984, 1985, and 1986 were as follows:

| Year | Deficiency | Additions to Tax Sec. 6653(b) | Sec. 6661 |
|------|------|------|------|
| 1984[1] | $3,361.16 | $2,464.87 | -- |
| 1985 | 12,201.72 | 8,006.41 | $3,050.43 |
| 1986 | 26,115.08 | 22,157.87 | 6,528.77 |

[1]The parties concede that the 1984 tax liability is no longer at issue. Petitioner failed to request relief for that taxable year in her Form 8857, Request for Innocent Spouse Relief.

Petitioner has paid $23,203.83 and $38,287.20 on the 1985 and 1986 tax liabilities, respectively.

On March 12, 1999, petitioner was granted a divorce from Mr. Aranda. On May 19, 1999, petitioner filed Form 8857, Request for

Innocent Spouse Relief, requesting relief only under section 6015(b) for the taxable years 1985 and 1986.[3]  Petitioner's request for relief stated in relevant part:

> I feel that I should not be liable for a debt to the IRS that I have been paying since 1992.
>
> * * * Prior to [Mr. Aranda's] conviction IRS prepared an audit on our assets for 1985, 1986 and 1987.  They charged us $104,000 (interest and penalty not included).  I was stuck with this debt, due to being married to him.  I did not commit the crime, but yet, I'm paying.  * * *  I feel that it is time to set me free.

On November 16, 2001, respondent issued a notice of determination that granted petitioner partial relief from joint and several liability in amounts equal to the additions to tax for fraud, plus interest, determined with respect to 1985 and 1986, but denied relief with respect to the balance of the 1985 and 1986 assessments.[4]  The notice of determination specifically stated:  "We've determined you are granted partial relief for the tax years shown above.  * * *  We find you eligible for relief under Section 6015(b) in the amount of $8,006.41 plus interest for 1985 and $22,157.87 plus interest for 1986."

---

[3]In the Form 8857, petitioner also requested relief for 1987.  Respondent determined that no relief could be granted because petitioner had paid the 1987 liability in full.  Petitioner did not petition for review of respondent's determination with respect to 1987.

[4]In a letter dated June 29, 2000, respondent denied petitioner's request for relief.  Petitioner appealed the decision administratively, and respondent's final notice of determination of Nov. 16, 2001, followed.

Petitioner filed a timely petition with this Court under section 6015(e) for review of respondent's determination. In her petition, petitioner alleges: (1) "Petitioner did not know and had no reason to know that there was such an understatement", and (2) "It would be inequitable to hold Petitioner liable for the deficiency, taking into account all the facts and circumstances." Petitioner requests abatement of all tax and additions to tax for 1985 and 1986 and a refund of amounts paid on the 1985 and 1986 assessments.

## Discussion

Generally, taxpayers filing a joint Federal income tax return are each responsible for the accuracy of their return and are jointly and severally liable for the full tax liability. Sec. 6013(d)(3). However, in certain circumstances, a taxpayer may obtain relief from joint and several liability under section 6015.

In this case, petitioner relies upon section 6015(b)(1) which authorizes respondent to grant relief from joint and several liability if the taxpayer satisfies each requirement of subparagraphs (A) through (E). Section 6015(b)(1) provides:

> SEC. 6015(b). Procedures for Relief From Liability Applicable to All Joint Filers.--
>
> (1) In general.--Under procedures prescribed by the Secretary, if--
>
> (A) a joint return has been made for a taxable year;

(B) on such return there is an understatement of tax attributable to erroneous items of 1 individual filing the joint return;

(C) the other individual filing the joint return establishes that in signing the return he or she did not know, and had no reason to know, that there was such understatement;

(D) taking into account all of the facts and circumstances, it is inequitable to hold the other individual liable for the deficiency in tax for such taxable year attributable to such understatement; and

(E) the other individual elects (in such form as the Secretary may prescribe) the benefits of this subsection not later than the date which is 2 years after the date the Secretary has begun collection activities with respect to the individual making the election,

then the other individual shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such understatement.

Our jurisdiction to review petitioner's claim for relief is conferred by section 6015(e), which allows a spouse who has requested relief from joint and several liability to contest the Commissioner's denial of relief by filing a timely petition in this Court.

There is no dispute that petitioner satisfies subparagraphs (A) and (E) of section 6015(b)(1). Petitioner filed joint returns for 1985 and 1986 with Mr. Aranda, as required by section 6015(b)(1)(A), and made a qualifying election on Form 8857 for taxable years 1985 and 1986, as required by section 6015(b)(1)(E). However, respondent contends that petitioner has

not satisfied the requirements of subparagraphs (B), (C), and (D) of section 6015(b)(1).

Except as provided by section 6015, the electing spouse bears the burden of proving that he or she satisfies each requirement of section 6015(b)(1).[5] See Rule 142(a). The record before us is devoid of any evidence establishing that petitioner meets all of the requirements of section 6015(b)(1) and that she is entitled to additional relief under section 6015.

Failure to produce evidence, in support of an issue of fact as to which a party has the burden of proof and which has not been conceded by such party's adversary, may be a ground for resolving the issue against that party. Rule 149(b). Furthermore, although facts may be established by stipulation, a stipulation of facts does not relieve the party bearing the burden of proof from producing evidence in support of factual findings that have not been adequately established by the stipulation. Id. Because petitioner must prove that she satisfies each requirement of section 6015(b)(1) in order to obtain additional relief under section 6015 and because petitioner has failed to introduce evidence that she satisfies the requirements of subparagraphs (B), (C), and (D) of section 6015(b)(1), respondent contends that petitioner is not entitled to relief from joint and several liability under section 6015 in

[5]Petitioner does not contend that sec. 7491 applies to this case.

excess of that already allowed.

Relying solely on an interpretation of respondent's notice of determination, petitioner argues on brief that she is entitled to additional relief under section 6015(b).  Her arguments are confusing but appear to be as follows:  (1) Respondent has already determined in his notice of determination that petitioner met all of the requirements for relief from joint and several liability under section 6015(b) with respect to a portion of the 1985 and 1996 tax liabilities; (2) as a result, we should interpret respondent's notice of determination as granting partial relief from the actual tax liability in the amounts indicated, which would then reduce petitioner's liability for the additions to tax and interest proportionately; and (3) the notice of determination does not state that it is only granting relief from the additions to tax for fraud and related interest nor does it mention section 6653(b).  We reject petitioner's arguments. Although the notice of determination is ambiguous regarding the nature of, and basis for, respondent's determination that petitioner is entitled to partial relief from joint and several liability for the 1985 and 1986 assessments, the notice of determination is clear that respondent granted petitioner <u>partial</u> relief only.  Regardless of how we interpret respondent's notice of determination, petitioner had an obligation to demonstrate

that she satisfied each requirement of section 6015(b)(1) in order to obtain any additional relief from joint and several liability for the 1985 and 1986 assessments. This petitioner failed to do. For example, petitioner introduced no evidence beyond the stipulated facts to prove that she had no knowledge or reason to know that her 1985 and 1986 returns had understated the tax liability of herself and Mr. Aranda or that it would be inequitable to hold her liable for the 1985 and 1986 assessments. Petitioner made a strategic decision not to offer additional evidence and to rely instead on an argument based on an interpretation drawn from a less than carefully drafted notice of determination.[6] In so doing, petitioner failed to carry her burden of proof with respect to the requirements of section 6015(b)(1).

We also reject petitioner's argument regarding the interpretation of the notice of determination. Although the notice of determination does not clearly state that the relief provided by respondent was relief from the additions to tax for fraud and related interest, nor does it mention section 6653(b), the amounts listed in the notice of determination correspond exactly to the amounts of the additions to tax for fraud assessed

---

[6]That decision may reflect a concern about what any additional evidence might show. Respondent contends that petitioner profited from the omitted income and may have had reason to know that at least some of Mr. Aranda's income was not shown on the 1985 and 1986 returns.

with respect to 1985 and 1986, and the relief granted to petitioner is consistent with a determination made under section 6653(b)(4).[7]

We hold, therefore, that petitioner is not entitled to any relief from joint and several liability for the 1985 and 1986 assessments under section 6015(b) in excess of that already granted by respondent. We do not address whether petitioner qualifies for relief from joint and several liability under section 6015(c) or (f) because petitioner has not requested relief under those provisions.

We have considered the remaining arguments of petitioner for a contrary result and, to the extent not discussed above, find those arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent.</u>

---

[7]Sec. 6653(b)(4) provides that a spouse who files a joint return shall not be liable for the addition to tax for fraud unless some part of the underpayment is due to the fraud of that spouse. In a deficiency suit, the Commissioner bears the burden of proving by clear and convincing evidence that some part of an underpayment is due to the fraud of that spouse. See sec. 7454(a); Rule 142(b).